# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20469
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAZSMINE ARIELLE JOSEPH,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-60-2

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Jazsmine Arielle Joseph was convicted by a jury of conspiracy to commit sex trafficking and sex trafficking of a minor. She contended that she was simply friends with a minor who chose to engage in prostitution. The district court sentenced Joseph to concurrent terms of 262 months in prison to be followed by concurrent terms of 5 years of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20469

On appeal, Joseph argues that the district court abused its discretion in allowing an expert to testify as to a conclusion of law. She also argues that the expert gave an opinion on the victim's credibility by stating that some victims of sex trafficking do not know that they are victims. We review preserved challenges to rulings on the admissibility of testimony for abuse of discretion, subject to harmless error analysis. *United States v. Akins*, 746 F.3d 590, 597 (5th Cir. 2014). Unpreserved challenges are reviewed for plain error. *Id.* To establish plain error, a defendant must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

"In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." FED. R. EVID. 704(b). The testimony at the heart of Joseph's complaint was elicited by her counsel during cross-examination. Nothing in that testimony was a comment on the ultimate question of whether Joseph had the mental state or committed the acts necessary to constitute conspiracy or sex trafficking. Not only did defense counsel not object to the testimony in question, but also she was successful in getting the expert to agree that transporting a minor, who was known to be a prostitute, was not trafficking unless it was also known that the transportation was for the purpose of a commercial sex act. Joseph also argues that the district court erred by allowing the expert's testimony that some victims of sex trafficking do not know that they are victims because it undermined the credibility of the victim's testimony. Joseph did not object to this testimony. She has not supported her bald assertion that this was an opinion on the victim's credibility with any factual or legal arguments and

No. 17-20469

therefore has not shown that the admission of the testimony of the expert witness was clear or obvious error. *See Puckett*, 556 U.S. at 135.

Her second argument on appeal concerns her response to the Government's question as to whether she contacted the police about the minor's prostitution. The Government asked only whether she contacted law enforcement not her reasoning in failing to do so.[1] Nonetheless, she proceeded to testify as to domestic abuse that she suffered and the non-responsiveness of police, while the Government's counsel objected as nonresponsive. The court sustained the objection and admonished Joseph to answer only the question asked. Thereafter, during deliberations, the jury asked if "we can use in deliberations" the prior testimony about "previous domestic abuse." The district court instructed the jury: "The statements regarding prior allegations of domestic abuse were part of an unresponsive narrative and are not to be considered evidence or used in your deliberation."

Joseph argues that the district court abused its discretion in excluding this testimony. This objection was preserved. On appeal, Joseph does not assert that her answer was responsive to the Government's question. She makes no specific argument that the information is relevant[2] or that its exclusion is prejudicial. She asserts only that the district court could not exclude the testimony in response to the jury's inquiry because it did not expressly strike the testimony at the time it was given. She fails to support this assertion with any legal argument or precedent. To the extent she has not

---

[1] Q: "[Y]ou didn't contact law enforcement [in Atlanta], did you? A: No, ma'am. Q And . . . back in Houston . . . you never contacted law enforcement? A: No, ma'am. May I explain why? Q: You never contacted law enforcement. Correct? A: No. . . .  Q: And, . . . I asked you about whether or not you contacted law enforcement in Atlanta, but you never contacted law enforcement here in Houston . . . . Is that correct?

[2]  It is unclear whether the jury viewed the domestic abuse issue as ameliorative of her conduct, as an explanation of her failure to contact law enforcement about this victim, or something else entirely.

waived the argument by failing to adequately brief it, she has not shown that the exclusion of this testimony was an abuse of discretion. *See Akins*, 746 F.3d at 597.

AFFIRMED.